UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

DOLWIN DEON CORMIA,           )
                              )
    *Petitioner,*            )
v.                            )   No.   1:06-cv-50
                              )   *Mattice/Lee*
DAVID MILLS, WARDEN,          )
                              )
    *Respondent.*            )

# **M E M O R A N D U M**

Petitioner Dolwin Deon Cormia ("Petitioner") brings this petition for writ of habeas corpus under 28 U.S.C. § 2254 [Court File No.1]. Before the Court is Respondent David Mills' motion to dismiss [Court File No. 12] and Petitioner's response [Court File No. 14].

After considering the filings of Respondent and Petitioner, the record before the Court, and the applicable law, the Court will **GRANT** Respondent's motion to dismiss [Court File No. 12]. Therefore the Court necessarily will **DISMISS** Petitioner's § 2254 petition [Court File No. 1].

**I.    Motion to Dismiss**

In the motion to dismiss, Respondent argues that the petition is barred by the applicable one-year statute of limitation set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA") and there is no valid reason by which Petitioner could prove his entitlement to equitable tolling of the statute of limitations. Petitioner counters that each time he filed a new petition in state court, such petition triggered "an entirely separate round of review for purposes of statute of limitations for filing federal habeas petition" (Court file No. 14).

**II.     Analysis**

   **A.  Timeliness of the § 2254 Petition**

   AEDPA, codified in 28 U.S.C. § 2241, et seq., amended the federal habeas corpus statutes, and added a one-year statute of limitation to govern the filing of an application for a federal writ of habeas corpus.  The statute of limitation begins to run from the date the petitioner's state judgment of conviction becomes final, or the occurrence of one of three other circumstances, none of which are relevant here.  See 28 U.S.C. § 2244(d)(1).

   **B.  Facts**

   The record reflects Petitioner was convicted by a jury of first degree murder and abuse of a corpse on October 9, 1998, in the Hamilton County Criminal Court and received a life sentence on the first degree murder conviction and subsequently agreed to a two year concurrent sentence on the abuse of a corpse conviction.  Petitioner pursued a direct appeal.  The Tennessee Supreme Court denied his application for permission to appeal on November 6, 2000.

   In this case, Petitioner's conviction became final and the one-year habeas statute of limitations commenced on February 5, 2001,[1] upon the lapse of the ninety-day period for filing a petition for certiorari in the Supreme Court seeking review of his direct appeal.  Once the statute began, it ran for 241 days, until October 3, 2001, when Petitioner signed his state post-conviction petition (Addendum No. 12, pp. 2-8).  The tolling provision of 28 U.S.C. § 2244(d)(2) applied and tolled the statute of limitations until the conclusion of the post-conviction proceedings.  The Tennessee Court of Criminal Appeals affirmed the trial court's denial of the post-conviction petition

---

   [1] Because the last day of the ninety day period fell on a weekend, Petitioner was given the benefit of the next business day within which to begin counting the commencement of the statute of limitations.  See Rule 6 of the Federal Rules of Civil Procedure.

on October 27, 2003. Petitioner did not file a timely application for permission to appeal to the Tennessee Supreme Court but instead filed the instant habeas petition in the United States District Court for the Western District of Tennessee on August 26, 2004.[2]

Therefore, tolling of the statute of limitations ended December 26, 2003, sixty days after the Tennessee Court of Criminal Appeals affirmed the convicting court's order dismissing the post-conviction petition.[3] During this time, Petitioner could have, but did not, file a timely application for permission to appeal to the Tennessee Supreme Court.[4] At that point 242 days had expired and another 244 days ran from the time Petitioner's state post-conviction proceedings ended on December 26, 2003, until Petitioner filed his habeas corpus petition in the U. S. District Court for the Western District of Tennessee on August 26, 2004.[5]

---

[2] While this petition was pending in the Western District, the Tennessee Court of Criminal Appeals, upon request of the petitioner, withdrew its opinion in the petitioner's post-conviction appeal and reentered it anew, allowing Petitioner to file an application for permission to appeal to the Tennessee Supreme Court. Petitioner filed the application on January 23, 2006, and it was denied on March 20, 2006. Nevertheless, Petitioner's request for the appellate court to withdraw its opinion after the lapse of AEDPA's statute of limitations, could not toll AEDPA's one year time period, since there was no time left to toll when the request was filed or when the habeas petition was filed. *See Smith v. Stegall*, 141 F.Supp.2d 779, 782-83 (E.D.Mich. 2001); *see also Cuirtiss v. Mount Pleasant Correctional Facility*, 338 F.3d 851, 853-55 (8th Cir. 2003) (where AEDPA's one-year statute of limitation has passed, later filing of post-conviction petition in state court does not toll federal statute, even if petition was timely under state law).

[3] The filing of a petition for certiorari before the United States Supreme Court seeking review of a state court post-conviction ruling does not toll the statute of limitations under § 2244(d)(2). *Lawrence v. Florida*, 127 S.Ct. 1079, 1086 ("The Court of Appeals correctly determined that the filing of a petition for certiorari before this Court does not toll the statute of limitations under § 2244(d)(2).")

[4] The sixty days in which Petitioner could have sought review in the Tennessee Supreme Court tolled the statute of limitations.

[5] Pursuant to the AEDPA, there is a one-year statute of limitation for filing a § 2254 petition. See 28 U.S.C. § 2244(d)(1). According to the law and cases, a motion filed by a

3

Consequently, the one year statute of limitations expired prior to Petitioner filing this instant § 2254 petition. Two hundred and forty-two days had expired prior to the filing of the state post-conviction proceedings. Once the state post-conviction proceedings ended on December 26, 2003, Petitioner had one hundred and twenty-two days remaining before the expiration of the one year habeas statute of limitations, until April 27, 2004, within which to file a timely § 2254 habeas petition. A review of the record reveals Petitioner's habeas petition was not timely filed as it was filed more than 365 days after Petitioner's conviction became final on April 27, 2004.

Petitioner's one year statute of limitations for filing a habeas petition under § 2254 expired on April 27, 2004. Accordingly, the petition, which was filed on August 26, 2004, almost four months after the one year statute of limitations had expired, was not timely filed and warrants dismissal as barred by the statute of limitations. In his response in opposition, Petitioner has not raised any arguments showing either that his petition was in fact filed by April 27, 2004, or that equitable tolling should apply.

---

prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack*, 487 U.S. 266, 270-71 (1988); See Rule 4(c) Fed. R. App. P. In the case before the Court, this rule applies because the record reflects that Cormia's § 2254 petition was given to prison authorities by Cormia on August 26, 2004. Therefore, Cormia's motion is deemed filed as of August 26, 2004.

### C.  Conclusion

For the reasons discussed above, Respondent's motion to dismiss the habeas corpus petition will be **GRANTED** [Court File No. 12] and this case will be **DISMISSED**.

An appropriate judgment will enter.

E N T E R:

        */s/Harry S. Mattice, Jr.*
        HARRY S. MATTICE, JR.
        UNITED STATES DISTRICT JUDGE